

**ZACHARY W. CARTER**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ELISSA B. JACOBS**
*Senior Counsel*
Phone: (212) 356-3540
Fax: (212) 356-3509
Email: ejacobs@law.nyc.gov

February 8, 2017

**By ECF**
Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>   Re:   Tevon Thomas, et al. v. City of New York, et al.,
>         1:14-cv-7513-ENV-VMS
>
>         Harold Browne, et al. v. City of New York, et al.
>         1:16-cv-4224-FB-RML

Your Honor:

     I am a Senior Counsel in the Office of the Corporation Counsel, representing the defendants Jobian Ortiz, Alfredo Skelton, William Russo, Peter Caretta, Gary Marcus and The City of New York in Tevon Thomas, et al. v. City of New York, et al., 14 CV 7513, which is proceeding before Your Honor. On behalf of defendants, I write jointly with Assistant Corporation Counsel Joseph Zangrilli, counsel for defendant City in Harold Browne, et al., v. City of New York, et al., 16 CV 4224, which is proceeding before District Judge Block, to respectfully request a pre-motion conference in accordance with the Court's Individual Practices to discuss City defendants' joint application, pursuant to Fed. R. Civ. Pro. 42, to consolidate the two above-referenced matters in front of Your Honor.[1] Defendants additionally write to respectfully request an adjournment of the Summary Judgment motion schedule set in the Thomas case at least until this issue is resolved. Pursuant to the Court's January 6, 2017 Order, the parties' Summary Judgment motion papers are currently due to be filed on February 17, 2017, with opposition papers due on March 24, 2017, and any reply due on April 14, 2017.

---

[1] As a threshold matter, these cases should be consolidated before Your Honor as Tevon Thomas v. City of New York has the earlier docket number.

Counsel for the plaintiffs in the Browne matter, Lonnie Hart, consents to defendants' request to consolidate the two above-referenced matters, however, counsel for the plaintiffs in the Thomas matter, Michael Lumer, objects to defendants' consolidation and adjournment requests.

**Background**

As an initial matter, both the Thomas and Browne cases arise out of the same operative set of facts— the execution of a search warrant on May 15, 2014 by the Brooklyn South Gang Squad. Pursuant to the search warrant, New York City Police Department officers were permitted to enter the basement and first story of 641 East 59th Street in Brooklyn. Members of the Emergency Services Unit, including [defendant?] Detective Alfredo Skelton, entered the first story and then the basement units of the building. During the search of the basement, the members of the search warrant execution team recovered the following items: (1) a gun in a back room; a gun in a hallway; (3) five pounds of marijuana in a closet in the hallway; (4) additional marijuana in a backpack in a different closet; (5) three marijuana plants and ammunition in the boiler. Upon execution of the search on the first floor, the officers recovered a handgun in a bedroom closet, as well as chips, money and gambling paraphernalia in that same bedroom. Finally, the officers additionally found signs throughout the two floors reminding people to keep the location clean.

As a result of the search warrant execution, in total, twenty-five (25) people were arrested and at least four others individuals were released from the scene. On December 26, 2014, nineteen (19) of those twenty-five (25) individuals arrested filed the Thomas lawsuit, and ultimately, the Thomas suit is brought against Officers Jobian Ortiz and Alfredo Skelton, as well as three supervisors who were on scene. Of the nineteen (19) plaintiffs in Thomas, eight were observed and subsequently arrested in the basement, seven were observed and subsequently arrested on the first floor and four were released from the scene without being formally arrested. The plaintiffs' claims in that case include false arrest, malicious prosecution, denial of a right to a fair trial and municipal liability.[2]

With respect to the Browne matter, on July 29, 2016, four (4) additional arrestees, Harold Brown, Adolphus McCleod, Robert Cush and Dwayne Jones, filed a lawsuit and also identified Detectives Ortiz and Skelton as defendants. Plaintiffs Harold Browne, Adolphus McCleod and Dwayne Jones were all observed and arrested in the basement, while Robert Cush was observed and arrested on the first floor. In Browne, the plaintiffs similarly bring claims of false arrest, malicious prosecution, denial of a right to a fair trial by fabrication of evidence, excessive force, and claims against the City of New York.[3]

---

[2] Plaintiffs' counsel, Michael Lumer, has indicated that he intends to withdraw his municipal liability claim.

[3] The excessive force claim appears to be related to a claim by Harold Browne that he was subjected to being "aggressively searched and fondled in a sexually inappropriate manner." Browne Compl., ¶ 15. (Civil Docket No. 1).

As Your Honor may recall, discovery in the Thomas matter is complete and defendants are scheduled to file their Motion for Summary Judgment on February 17, 2017. During the discovery period in Thomas, twenty-three depositions were conducted, including the depositions of all of the plaintiffs and defendants named in the Thomas matter, as well as more than 1000 pages of document discovery were produced. Discovery, however, in in the Browne matter has not yet been opened as defendant City's answer is currently due on February 27, 2017. For the reasons set forth below, defendants respectfully request that the Thomas and Browne matters be consolidated immediately for all purposes, and that discovery in the Browne matter proceed expeditiously and prior to the filing of defendants' Summary Judgment Motion in Thomas so that one motion can be filed at the conclusion of discovery in Browne.

**Defendants' Bases For Their Motion to Consolidate the *Thomas* & *Browne* Matters**

Rule 42(a) of the Federal Rules of Civil Procedure permits a court to consolidate actions pending before it for any matters at issue in the actions if those actions involve a "common question[] of law or fact to avoid unnecessary costs or delay." Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990). The standard "is an expansive one, allowing consolidation of the broad range of cases brought in federal court." 8 MOORE'S FED. PRAC. § 42.10[1][a], at 42-9 (3d ed. 1998); see also Johnson, 899 F.2d at 1284-1285. Courts have "broad discretion to determine whether consolidation is appropriate," and consider both judicial economy and the equity of consolidation. Johnson, 899 F.2d at 1284-85. Exercise of this discretion requires the Court to consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. at 1285 (citations omitted).

Additionally, "[c]ases may be consolidated where . . . there are different parties in the complaints." Indeed, "[t]he paramount concern is whether savings of expense and gains of efficiency can be accomplished without sacrifice of justice." Patrick v. Nassau County DA Office, 14 CV 5828 (JFB) (AKT), 2014 U.S. Dist. LEXIS 146879, at *3 (E.D.N.Y. Oct. 8, 2014).

Consolidation is appropriate in this instance. These cases arise out of the same set of facts—the May 15, 2014 search warrant of 641 East 59th Street in Brooklyn-- and are brought against some of the same defendants, including Officers Ortiz and Skelton. As an initial matter, the parties in Thomas have already engaged in extensive discovery, and therefore, much of the anticipated discovery necessary in Browne has already been conducted and consolidation would conserve considerable resources. Moreover, to the extent certain deposition testimony and/or discovery from Thomas does not encompass the entirety of the issues raised in the Browne matter, the parties can supplement the discovery which has already taken place by re-opening

certain depositions, producing additional documents, and serving additional interrogatories and/or document requests. Subject to appropriate protective orders, if necessary, defendants are prepared to provide counsel in the Browne matter with the discovery exchanged during Thomas as well as copies of the transcripts of the depositions taken. Further, defendants' counsel and plaintiff's counsel in Browne are prepared to move forward with discovery in Browne expeditiously should the Court grant defendants' request.

Further, the questions of fact and law in these two cases are nearly identical in both cases, and would apply both to the discovery matters already decided as well as the proposed summary judgment motions. In addition, consolidation will advance both attorney and judicial economy by avoiding duplicative motion practice and potentially two separate trials. For example, in the Thomas case, the parties litigated a dispute regarding the discoverability of conversations between police officers and NYPD legal. Rather than re-litigate the issue with a potentially different outcome, consolidation will preserve both attorney and judicial resources by applying that ruling to the plaintiffs in the Browne case as well. Furthermore, the City envisions that, following completion of discovery in the Browne matter, the arguments set forth in summary judgment motion in the Thomas case would apply equally to three of the Browne plaintiffs— the plaintiffs who were in the basement at the time they were arrested. Accordingly, consolidating these cases will allow for one dispositive motion to be made as opposed to two separate summary judgment motions, and will therefore avoid the risk of different outcomes. As noted above, in an effort to limit the impact of any delay on the Thomas plaintiffs, defendants propose, with Mr. Hart's consent, an expeditious 90-day discovery schedule in the Browne matter, with a summary judgment motion to follow thereafter. Further, upon entry of an appropriate protective Order, defendants will agree to produce to Mr. Hart all the discovery that has already been produced in the Thomas case, which consists of almost 1300 pages of documents related to the underlying incident. Defendants will also provide copies of the transcripts of the depositions that have taken place in the Thomas action, including depositions of the two officers who are defendants in both actions. To the extent the Browne plaintiffs believe additional deposition testimony is necessary to pursue their claims, we will produce the necessary parties for further testimony. Further it's defendants position that the Thomas plaintiffs would not be prejudiced by this three-month delay given that the case has been pending for over two years.

**Conclusion**

For the reasons set forth above, defendants respectfully request, with the consent of the Browne plaintiffs' counsel, Lonnie Hart that these cases be consolidated for all purposes. We additionally request an adjournment of the current summary judgment motion schedule in which the parties are scheduled to file their motions on February 17, 2017, until after discovery is completed in the Browne matter.

Defendants thank the Court for its time and consideration in this regard.

Respectfully submitted,<br>
/s/<br>
Elissa B. Jacobs and Joseph Zangrilli

4

cc: Michael Lumer, Esq. (by ECF)
     Lonnie Hart, Esq. (by ECF)

     Honorable Eric N. Vitaliano (by ECF)
     United States District Judge
     Eastern District of New York
     225 Cadman Plaza East
     Brooklyn, New York 11201

     Honorable Vera M. Scanlon (by ECF)
     United States Magistrate Judge
     Eastern District of New York
     225 Cadman Plaza East
     Brooklyn, New York 11201

     Honorable Robert M. Levy (by ECF)
     United States Magistrate Judge
     Eastern District of New York
     225 Cadman Plaza East
     Brooklyn, New York 11201