UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
TEVON THOMAS, MATTHEW NELSON,          :
BILLY HIPPOLYTE, ALISHEA WALTERS,      :
GARY JEANTY, MILTON SEARS, DAVID A.    :
ALCINDOR, SHELDON NYACK, RAVIN COX,    :    **REPORT AND RECOMMENDATION**
ZANDA DEWAR, HERBY AIME, JOBE          :
LEEMOW, MARKOUS FRAY,                  :    14 Civ. 7513 (ENV) (VMS)
                                       :
            Plaintiffs,                :
                                       :
      -against-                        :
                                       :
JOEBIAN ORTIZ, ALFREDO SKELTON, CAPT.  :
WILLIAM RUSSO, PETER CARRETTA, GARY    :
MARCUS,                                :
                                       :
            Defendants.                :
------------------------------------------------------------- X

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Alishea Walters ("Ms. Walters") was one of several plaintiffs who commenced this civil rights action pursuant to 42 U.S.C. §1983.  See Compl., ECF No. 1.  On referral from the Honorable Eric N. Vitaliano is the question of whether Ms. Walters's case should be dismissed for failure to prosecute.  See ECF No. 135 at 1 n.1.  Because, as set forth below, Ms. Walters has failed to pursue this litigation for several years, it is respectfully recommended that this case be dismissed without prejudice as to Plaintiff Walters for Ms. Walters's failure to prosecute pursuant to Federal Rule of Civil Procedure ("Rule") 41(b).

   **I.    Background**

The original complaint in this action, filed December 26, 2014, alleged civil rights violations pursuant to 42 U.S.C. § 1983, and the action has been actively pursued by several plaintiffs other than Ms. Walters.  Ms. Walters, along with all other plaintiffs, was initially represented by counsel from Lumer & Neville ("Counsel").  On March 11, 2016, Counsel

requested a conference in anticipation of its motion to withdraw as counsel for Ms. Walters, asserting that Ms. Walters had "ceased all communication with [their] office, rendering her further representation impossible and complicating [their] ability to advance this case on behalf of the remaining plaintiffs." ECF No. 27. Counsel asserted that the telephone numbers they had been provided for Ms. Walters were no longer functioning and that Ms. Walters had not responded to multiple letters sent to her home address. Id. Efforts to reach Ms. Walters through other individuals failed, and Counsel stated that they had reason to believe Ms. Walters had moved to California. Id.

The Court scheduled a conference to address Counsel's motion to withdraw and directed that if Ms. Walters was living in California, she could participate by telephone. 3/15/2016 Order. Ms. Walters did not appear by telephone or otherwise at the conference, and Counsel's motion to withdraw was granted. ECF No. 31. Ms. Walters was ordered to, within thirty (30) days – by April 30, 2016 – appear pro se or by new counsel ("March 2016 Order"). Id. Counsel mailed the Order to Ms. Walters's last known address, 952 East 94 Street, Brooklyn, NY 11236. ECF No. 32. The other plaintiffs filed an Amended Complaint and Second Amended Complaint, both of which explicitly stated that any amendments were not asserted on Ms. Walters's behalf, as counsel filing the amended complaints no longer represented Ms. Walters. Am. Compl., ECF No. 33 ¶ 2, SAC, ECF No. 37 ¶ 1.

Ms. Walters did not respond to the Court's March 2016 Order and was listed as a pro se litigant on the docket. As such, subsequent orders were mailed by the Court to Ms. Walters at her last known address in Brooklyn. See, e.g., 10/24/2016 DE, 2/8/2017 DE, 2/14/2017 DE. The litigation progressed, driven by the other plaintiffs, and the Court decided cross-motions for summary judgment. See ECF No. 135. At no point did Ms. Walters appear, either pro se or with

counsel.  In the Court's Memorandum and Order deciding summary judgment, the Court noted that Ms. Walters had not joined in any amended pleadings or filed any opposition to the motion for summary judgment filed by certain defendants.  Id. at 1 n.1.  In that Memorandum and Order, the Honorable Eric N. Vitaliano referred to this Court the question of whether Ms. Walters's case should be dismissed for failure to prosecute.  This Court then issued an Order noting that Ms. Walters had failed to appear in this action for many years and directing Counsel to provide Ms. Walters's last known address.  ECF No. 137.  Counsel submitted a letter stating that the last address for Ms. Walters known to Counsel is 952 East 94th Street, Brooklyn, NY 11236.  ECF No. 138.  The Court then issued an Order to Show Cause directing Ms. Walters to inform the Court as to whether she intended to continue to pursue her claims against Defendants and, if so, why her case should not be dismissed for failure to prosecute.  10/3/2019 Order.  The Order stated that Ms. Walters could mail her response to the Court.  Id.  The Order was sent to Ms. Walters's last known address in Brooklyn.  Id.  To date, the Court has not received any communication from Ms. Walters in response.

## II.    Legal Standard

Rule 41(b) authorizes the district court to dismiss a complaint "[i]f the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed R. Civ. P. 41(b); see LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute.").  While pro se litigants "must be afforded a certain amount of latitude, they are still required to attempt to comply with procedural rules, especially when they can be understood without legal training or experience."  Yadav v. Brookhaven Nat'l Lab., 487 F. App'x 671, 672 (2d Cir. 2012); see Robinson v. Sposto, No. 13 Civ. 3334 (JFB) (WDW), 2014

WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014) ("Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives.").

In considering whether dismissal for failure to prosecute is proper, courts consider the following factors:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff has notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving a fair chance to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp., 222 F.3d 52, 62-63 (2d Cir. 2000).  In conducting the analysis under Rule 41(b), "no one factor is dispositive."  Nita v. Conn. Dep't of Env. Prot., 16 F.3d 482, 485 (2d Cir. 1994); see Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) ("[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge . . . . [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements." (internal quotation marks & citation omitted)); Miller v. Dep't of Corrs., No. 07 Civ. 7584 (SHS) (GWG), 2009 WL 564926, at *2 (S.D.N.Y. Mar. 5, 2009) ("[D]istrict court[s are] not required to discuss each factor in dismissing a case as long as an explanation is given for the dismissal." (citing Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996))).

## III.    Discussion

Applying the standards described above, the Court respectfully recommends dismissal of Ms. Walters's claims pursuant to Rule 41(b) for Ms. Walters's failure to prosecute.  First, Ms. Walters has taken no action in this case for several years.  After her Counsel's withdrawal in March 2016, which was the result of Ms. Walters's cessation of communication with Counsel, Ms. Walters has not participated in any way in this action.  See ECF No. 31.  Ms. Walters has

4

also failed to respond to multiple Orders directing her to appear or respond.  See 3/25/2016 Order; ECF No. 31; 10/3/2019 Order.  Ms. Walters's failure to prosecute for over three-and-a-half years has prevented the litigation from moving forward with respect to her claims.  Although the claims of other plaintiffs have proceeded, discovery has closed without Defendants having an opportunity to depose or take other discovery from Ms. Walters.  See 5/24/2017 Order (certifying discovery is complete).  See Brow v. City of New York, 391 F. App'x 935, 936 (2d Cir. 2010) (finding delay of six months sufficient to warrant dismissal under Rule 41(b)); Moton v. Williams, No. 15 Civ. 6485 (GBD) (JLC), 2018 WL 2229126, at *3 (May 16, 2018) (noting that although there is "no magic number" for the length of noncompliance, "courts have deemed delays of three months and less sufficient to warrant dismissal" (internal quotation marks omitted) (collecting cases)), R & R adopted, 2018 WL 3384433 (S.D.N.Y. July 11, 2018).

Defendants are prejudiced by Ms. Walters's failure to prosecute her case.  Because of Ms. Walters's continued inaction, resolution of her case has been delayed.  The case with respect to other plaintiffs has proceeded and is nearing resolution, but Ms. Walters's claims have remained stagnant and cannot move forward without her participation.  As the Second Circuit has recognized, "prejudice resulting from unreasonable delay may be presumed as a matter of law." Peart, 992 F.2d at 462.

As set forth above, Ms. Walters has been provided with notice from the Court regarding the consequences of her inaction.  The relevant Orders were served on Ms. Walters at her last known address, and those Orders stated in simple and clear terms what was required of her.  Despite notice, Ms. Walters failed to comply with the Orders directing her appearance or response since and, in some instances, prior to, the withdrawal of her counsel.   To the extent that Ms. Walters has changed residences without informing Counsel or the Court, the Court notes that

"[t]he case cannot proceed without a current address for the plaintiff and the failure to maintain such an address with the Court is a ground for failure to prosecute" on its own. Pratt v. Behari, No. 11 Civ. 6167 (JGK), 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012); see King v. Ponte, No. 17 Civ. 270 (BMC) (LB), 2017 WL 1745499, at *1 (E.D.N.Y. Apr. 10, 2017) ("Indeed, because litigation cannot proceed without a current address for the plaintiff, courts have repeatedly held that a plaintiff's failure to maintain such an address with the Court is a sufficient ground to dismiss without prejudice for failure to prosecute." (internal quotation marks omitted)).  Given these circumstances, the Court's need for orderly case administration "outweighs any interest in preserving the due process rights of a party that, despite multiple opportunities, has expressed no interest in preserving them."  Golden v. Tapestry Med., Inc., No. 14 Civ. 1834 (RRM) (JO), 2017 WL 3868799, at *3 (E.D.N.Y. Sept. 5, 2017); see Alomar v. Recard, No. 07 Civ. 5654 (CS) (PED), 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) ("It is not an efficient use of the Court's resources to permit this case to languish on the docket in the hope that plaintiff will appear in the future." (internal quotation marks and alterations omitted)).

A lesser sanction is unlikely to persuade Ms. Walters to participate given the extended period of time over which Ms. Walters has ignored this litigation and the fact that she has already been informed, to no avail, that her failure to participate may lead to the dismissal of her action. See Brow, 391 F. App'x at 936 (affirming dismissal of pro se plaintiff's complaint noting "plaintiff's failure to comply with the order warning him of the possibility of dismissal demonstrated that lesser sanctions would be ineffective"); Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009) ("All litigants, including pro ses, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice.").

**IV.    Conclusion**

For the foregoing reasons, the Court respectfully recommends that Ms. Walters be dismissed from this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**V.    Objections**

A copy of this Report and Recommendation will be mailed by Chambers to Ms. Walters at her last known address:  Alishea Walters, 952 East 94th Street, Brooklyn, New York 11236. Any objections to this Report and Recommendation must be filed with the Clerk of Court within the permissible period under the Federal Rules of Civil Procedure.  Any request for an extension of time to file objections must be made to the Honorable Eric N. Vitaliano, the District Judge to whom this action is assigned.  Failure to file objections within the specified time waives the right to appeal the Court's Order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).


SO ORDERED.

Dated:  Brooklyn, New York
            December 16, 2019

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge