UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

TEVON THOMAS, MATTHEW NELSON, BILLY HIPPOLYTE, GARY JEANTY, MILTON SEARS, DAVID ALCINDOR, SHELDON NYACK, RAVIN COX, ZANDA DEWAR, HERBY AIME, JOBE LEEMOW, and MARKOUS FRAY,

**STIPULATION OF SETTLEMENT**

14 CV 7513 (ARR) (VMS)

Plaintiffs,

-against-

JOEBIAN ORTIZ, ALFREDO SKELTON, WILLIAM RUSSO, PETER CARRETTA, and GARY MARCUS,

Defendants.
------------------------------------------------------------------------x

**WHEREAS,** plaintiffs Matthew Nelson, Billy Hippolyte, Gary Jeanty, Milton Sears, David Alcindor, Ravin Cox, Zanda Dewar, Herby Aime, Jobe Leemow and Markous Fray commenced this action by filing a complaint on or about December 26, 2014, alleging that the defendants violated plaintiffs' federal civil rights; and

**WHEREAS,** defendants City of New York, Detective Joebian Ortiz, Officer Alfredo Skelton, Lieutenant Peter Carretta, Sergeant Gary Marcus, and Dep. Ins. William Russo have denied any and all liability arising out of plaintiffs' allegations; and

**WHEREAS,** the parties listed above now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

**WHEREAS,** plaintiffs Matthew Nelson, Billy Hippolyte, Gary Jeanty, Milton Sears, David Alcindor, Ravin Cox, Zanda Dewar, Herby Aime, Jobe Leemow and Markous Fray have authorized their counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The claims brought by Matthew Nelson, Billy Hippolyte, Gary Jeanty, Milton Sears, David Alcindor, Ravin Cox, Zanda Dewar, Herby Aime, Jobe Leemow and Markous Fray are hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff Matthew Nelson the sum of Eight Thousand Three Hundred Thirty and Three ($8,333.00) Dollars; plaintiff Billy Hippolyte the sum of Eight Thousand Three Hundred Thirty and Four ($8,334.00) Dollars; plaintiff Gary Jeanty the sum of Eight Thousand Three Hundred Thirty and Three ($8,333.00) Dollars; plaintiff Milton Sears the sum of Thirty Thousand ($30,000.00) Dollars; plaintiff David Alcindor the sum of Twenty Thousand ($20,000.00) Dollars; plaintiff Ravin Cox the sum of Forty Thousand ($40,000.00) Dollars; plaintiff Zanda Dewar the sum of Thirty Thousand ($30,000.00) Dollars; plaintiff Herby Aime the sum of Forty Thousand ($40,000.00) Dollars; plaintiff Jobe Leemow the sum of Twenty Thousand ($20,000.00) Dollars; and plaintiff Markous Fray the sum of Forty Thousand ($40,000.00) Dollars; and in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of these sums, plaintiffs Matthew Nelson, Billy Hippolyte, Gary Jeanty, Milton Sears, David Alcindor, Ravin Cox, Zanda Dewar, Herby Aime, Jobe Leemow and Markous Fray agree to dismissal of all the claims against the defendants and to release defendants City of New York, Detective Ortiz, Officer Skelton, Lieutenant Carretta, Sergeant Marcus and Dep. Ins. Russo; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from

any and all liability, claims, or rights of action alleging a violation of plaintiffs' civil rights and any and all related state law claims, from the beginning of the world to the date of the General Releases, including claims for costs, expenses, and attorneys' fees with the sole exception of any claim plaintiff David Alcindor may have as to his arrest on October 2, 2020.

3. Plaintiffs each shall execute and serve on the City of New York's attorney by legal tender (either by personal service or certified mail) at 100 Church Street, New York, New York 10007 all documents necessary to effect this settlement, including, without limitation, a General Release, based on the terms of paragraph "2" above, IRS Form W-9, and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from their Medicare provider(s) for the reimbursement of any conditional payments made for the injuries claimed in this matter. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6.  Plaintiffs agree to hold harmless defendants regarding any past and/or future Medicare claims, presently known or unknown, in connection with this matter. If Medicare claims are not satisfied, defendants reserve the right to issue a multiparty settlement check naming the Medicare provider as a payee or to issue a check directly to the Medicare provider for the amount claimed in the Medicare provider's final demand letter.

7.  This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
_____, 2022

MICHAEL LUMER
*Attorneys for Plaintiffs*
233 Broadway, Suite 900
New York, NY 10279
(212) 566-5060

By: _____
Michael Lumer
*Attorney for Plaintiffs*

GEORGIA M. PESTANA
Corporation Counsel of the
  City of New York
*Attorney for Defendants City of New York, Ortiz, Skelton, Carretta, Marcus, and Russo*
100 Church Street, 3rd Floor
New York, New York 10007

By: _____
Elissa Jacobs
*Senior Corporation Counsel*