UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
TEVON THOMAS, MATTHEW NELSON, BILLY :
HIPPOLYTE, GARY JEANTY, MILTON SEARS, :
DAVID ALCINDOR, SHELDON NYACK, RAVIN :
COX, ZANDA DEWAR, HERBY AIME, JOBE :
LEEMOW, and MARKOUS FRAY, : MEMORANDUM AND
: ORDER
Plaintiffs, :
: No. 14-CV-7513-ARR-JRC
-against- :
:
JOEBIAN ORTIZ, ALFREDO SKELTON, WILLIAM :
RUSSO, PETER CARRETTA, and GARY MARCUS, :
*et al.*, :
:
Defendants. :
:
-------------------------------------------------------------------x

JAMES R. CHO, United States Magistrate Judge:

Currently pending before this Court is non-party Carol Nyack's motion pursuant to Rule 25(a) of the Federal Rules of Civil Procedure to substitute himself for plaintiff Sheldon Nyack ("decedent"), following Sheldon Nyack's death. *See* Motion to Substitute Party ("Substitution Motion"), Dkt. 180. Defendants oppose the motion for substitution and consent to an extension of time to re-file the motion until Carol Nyack has received letters to administer the estate of the decedent. *See* Response in Opposition ("Def. Opp."), Dkt. 182. For the reasons that follow, the motion for substitution is granted.

**Relevant Factual and Procedural Background**

On December 26, 2014, plaintiffs commenced this civil rights action pursuant to 42 U.S.C. § 1983 alleging that defendants violated their constitutional rights. *See* Compl., Dkt. 1. This action relates to the May 15, 2014 execution of a search warrant on two apartments in Brooklyn, New York by the New York City Police Department, which resulted in the arrests of 25 individuals and the detention without arrest of several others. *See id.*

In early 2022, the parties reached a settlement on behalf of all parties other than plaintiffs Tevon Thomas and the decedent.  *See* Notice of Settlement, Dkt. 167.  Defendants had made an offer to settle the claims of Sheldon Nyack, but he passed away in 2021.  *See* Def. Opp. at 1; Suggestion of Death, Dkt. 166.  Apparently, defendants are still prepared to honor that offer, and Sheldon's father, Carol Nyack, has agreed, in principle, to accept the offer.  *See* Def. Opp. at 1.

Following the filing of a Suggestion of Death by defendants on November 17, 2021, this Court granted several extensions of time to file a motion for substitution, with defendants' consent. *See, e.g.*, Order dated Feb. 22, 2022; Order dated June 2, 2022; Order dated Sept. 12, 2022; Order dated Oct. 14, 2022; Order dated Jan. 31, 2023; Order dated May 11, 2023.  After plaintiffs filed yet another request for an extension on August 29, 2023, the Court directed plaintiffs to show cause why a motion for substitution could not be filed prior to formal appointment of a representative of the decedent's estate.  *See* Order dated Nov. 2, 2023.  Rather than respond to the order to show cause, the instant motion to substitute followed.

Sheldon Nyack is survived by his parents, Carol Nyack and Cynthia Innis, and had no issue. *See* Substitution Motion, Ex. 3, Dkt. 180-3 (Affidavit of Cynthia Innis).  On October 10, 2022, Carol Nyack filed a petition for limited letters of administration for the prosecution of this action. *See id.*, Ex. 1, Dkt. 180-1 (Petition for Letters of Limited Administration).  Cynthia Innis, Sheldon's mother, executed a waiver in which she consented to Carol Nyack's petition for limited letters of administration.  *See id.*, Ex. 2, Dkt. 180-2 (Waiver of Citation, Renunciation and Consent to Appointment of Administrator).  The petition has been pending before the Surrogate's Court since October 2022.[1]  *See id.*, Ex. 4, Dkt. 180-4 (Surrogate's Court docket sheet).

---

[1] The Court takes judicial notice of the publicly-available docket sheet from the Surrogate's Court, which shows that, to date, the petition for limited letters of administration remains pending.

**Discussion**

Pursuant to Rule 25, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). "A motion for substitution may be made by any party or by the decedent's *successor* or *representative*." *Id.* (emphasis added). To substitute a party under Rule 25, (1) the motion must be made "within 90 days after service of a statement noting the death," (2) the party sought to be substituted for the decedent must be a "proper party," and (3) the "claim is not extinguished." *Id.*

Defendants oppose the motion for substitution solely on the ground that Carol Nyack is not a "proper party" because he has not been appointed administrator of the estate of Sheldon Nyack. *See* Def. Opp. at 2. According to defendants, the Court must "permit the process to continue through Surrogate's Court" before finding that Carol Nyack is a proper party. *See id.*

Under Rule 25, a "proper party" for substitution is (1) a "successor of the deceased party" or (2) a "representative of the deceased party," which is determined by New York law. *See Galeas v. Houslanger & Assocs., PLLC*, No. 19-CV-4270, 2021 WL 2843214, at *3 (E.D.N.Y. June 21, 2021); *Official Comm. of Unsecured Creditors of Exeter Holdings, Ltd., v. Haltman*, No. 13-CV-5475, 2017 WL 9485707, at *3-*4 (E.D.N.Y. Aug. 3, 2017), *report and recommendation adopted*, 2017 WL 3981299 (E.D.N.Y. Sept. 11, 2017). Under New York law, a "representative is a person who has received letters to administer the estate of a decedent." N.Y. Est. Powers and Trusts § 1-2.13; *see Official Committee*, 2017 WL 9485707, at *4; *English v. Murphy-Lattanzi*, No. 12-CV-4179, 2015 WL 630248, at *3 (E.D.N.Y. Feb. 12, 2015). Since Carol Nyack has not yet been appointed administrator of the decedent's estate, defendants are correct that he cannot qualify as a "representative."

Next, the Court must consider whether Carol Nyack qualifies as a "successor" of the decedent. "[A] person may qualify as a decedent's legal successor under Rule 25(a)(1) if she is:

3

(1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated, or (3) the primary beneficiary of an unprobated intestate estate which need not be probated." *CFS 12 Funding LLC v. Wiesen*, No. 21-CV-9711, 2023 WL 3817910, at *2 (S.D.N.Y. June 5, 2023) (quoting *Tankleff v. Cnty. of Suffolk*, No. 09-CV-1207, 2016 WL 3162059, at *2 (E.D.N.Y. June 2, 2016)); *see Gass v. Target*, No. 22-CV-1152, 2023 WL 2919414, at *2 (E.D.N.Y. Mar. 24, 2023). However, where, as here, "the plaintiff die[s] destitute, a party who is seeking substitution as a successor and who is not also a representative of the plaintiff's estate need not show that the estate has been distributed before serving as a substitute, as there would not be any estate to distribute." *Odessey F. v. Comm'r of Soc. Sec.*, No. 22-CV-6517, 2024 WL 1565309, at *2 (W.D.N.Y. Apr. 11, 2024) (quoting *Herrera-Castro v. Trabajamos Community Head Start, Inc.*, No. 15-CV-9286, 2017 WL 549584, at *1 (S.D.N.Y. Jan. 30, 2017)); *Walsh v. Comm'r of Soc. Sec.*, No. 17-CV-5465, 2022 WL 4079588, at *4 (E.D.N.Y. Sept. 6, 2022) (same); *see Roe v. City of New York*, No. 00-CV-9062, 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (finding decedent's father a proper party where son died intestate, no court appointed an administrator and his property consisted only of personal belongings).

Defendants argue that Carol Nyack does not satisfy any of the above criteria because "no estate was distributed, there was no will, and the Surrogate's Court proceedings demonstrate that the estate does need to go through probate." Def. Opp. at 2. Having established that Sheldon died intestate with no spouse and no children, Sheldon's parents are the distributees of his estate under New York's intestacy distribution laws. *See* N.Y. Est. Powers and Trusts § 4-1.1(a)(4) (where a person "is survived by" "[o]ne or both parents, and no spouse and no issue," a decedent's property is distributed "to the surviving parent or parents"). Since Sheldon Nyack died without any assets and has no outstanding debts, there is no requirement that his estate be probated. The fact that

4

Carol Nyack has applied for limited letters of administration does not prove otherwise. *See Odessey F.*, 2024 WL 1565309, at *2 (granting motion to substitute decedent's son as successor even though decedent's mother was appointed voluntary administrator of small estate proceeding). Thus, Carol Nyack's motion falls within the third category for qualifying as a legal successor – a beneficiary of an unprobated intestate estate which need not be probated. *See Vickie W. v. Comm'r of Soc. Sec.*, No. 23-CV-6322, 2023 WL 8014392, at *2 (W.D.N.Y. Nov. 20, 2023) (granting motion to substitute spouse where plaintiff died intestate, did not have an estate that was probated or any assets to be distributed upon her death); *Walsh*, 2022 WL 4079588, at *4 (granting motion to substitute son where father died intestate and left no assets); *U.S. Bank Nat'l Ass'n v. Sager*, 630 F. Supp. 3d 417, 422 (E.D.N.Y. 2022) (granting motion to substitute surviving children of decedent as distributees of estate, where no administrator was appointed); *Coon v. Bell*, No. 16-CV-291, 2018 WL 10602302, at *1 (N.D.N.Y. June 14, 2018) (granting motion to substitute wife for deceased plaintiff where plaintiff died intestate, there will be no estate established and wife has not been formally appointed administratrix of her husband's estate); *Herrera-Castro*, 2017 WL 549584, at *1 (granting motion to substitute sister where decedent died destitute and no executor or administrator had been appointed); *Tankleff*, 2016 WL 3162059, at *2 (granting motion to substitute decedent's only distributees where defendant died without a will and no estate was instituted).

"Although a state court determination can be helpful in identifying a decedent's successor or representative, no such designation is required before a federal court can determine the proper party for substitution." *Sager*, 630 F. Supp. 3d at 420. Like in *Sager*, here, "waiting for a probate proceeding . . . would constitute an unnecessary waste of time and run counter to the purpose of Rule 25, which was to simplify and expedite the process of administering federal cases after the death of a party." *Id.* at 422. "[T]he Second Circuit has endorsed a flexible approach to

5

interpreting Rule 25" for this exact scenario "because there can be time delays between the date of a party's death and the probate court being in a position to appoint a representative under the law of the domicile of the deceased." *Id.* at 421 (citation omitted). Because the parties have been waiting since October 2022 for the Surrogate's Court to address Carol Nyack's petition for letters of limited administration, continuing to delay the resolution of this case would run counter to the principles underlying Rule 25.[2] Accordingly, the Court finds that Carol Nyack is a proper party who may be substituted.

## Conclusion

For the foregoing reasons, the Court grants Carol Nyack's motion for substitution. Accordingly, the Complaint is deemed amended to substitute Carol Nyack as plaintiff, as successor to Sheldon Nyack. If Carol Nyack receives letters of limited administration, he shall move to amend the complaint to reflect that he is the representative of the estate of Sheldon Nyack.

**SO ORDERED**

Dated: Brooklyn, New York
June 3, 2024

s/ James R. Cho
James R. Cho
United States Magistrate Judge

---

[2] The Court takes no position on defendants' statement that "in order to accept the settlement, execute the settlement paperwork and receive the [settlement] funds, Carol Nyack will have to obtain a limited letter of administration from Surrogate's Court." Def. Opp. at 2; *see* N.Y. Surr. Ct. Proc. Act § 702(1) ("Letters may be granted limiting and restricting the powers and rights of the holder thereof . . . . [t]o the enforcement or prosecution of a cause of action in favor of the decedent or his fiduciary under general or special provisions of law, . . . and restraining the fiduciary from compromise of the action or the enforcement of a judgment recovered therein until the further order of the court."). Having now been substituted as the real party in interest, plaintiff Carol Nyack, as legal successor to Sheldon Nyack, has the authority to discontinue Sheldon Nyack's claims. *See Cortland St. Recovery Corp. v. Hellas Telecomm., S.à.r.l.*, 790 F.3d 411, 421 (2d Cir. 2015) ("If a party successfully moves for ratification, joinder or substitution, the action proceeds as if it had been originally commenced by the real party in interest.").